[710 NYS2d 102]

In the Matter of JEFFREY PAUL SEGAL, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, June 26, 2000

**APPEARANCES OF COUNSEL**

*Grace D. Moran*, Syosset (*Dianne M. Saccone* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

The respondent was served with a petition that contained

two charges of professional misconduct against him. In his answer, the respondent admitted all but one of the factual allegations contained in the petition. After a hearing, the Special Referee sustained both charges. The Grievance Committee now moves to confirm the Special Referee's report. The respondent has not submitted any papers in opposition or in response to the Grievance Committee's motion.

Charge One alleged that the respondent failed to establish a properly constituted attorney escrow fund for the purpose of depositing and safeguarding client funds, in violation of Code of Professional Responsibility DR 9-102 (b) (1) and (2) (22 NYCRR 1200.46 [b] [1], [2]).

The respondent represented Paul Calabrese in connection with a personal injury matter. By a letter dated June 6, 1997, Mr. Calabrese filed a complaint with the Grievance Committee alleging, *inter alia,* that the respondent failed to remit the portion of the settlement belonging to him. By a letter dated August 15, 1997, the respondent explained that the funds could not be released because of problems in obtaining truthful information from Mr. Calabrese regarding Medicaid liens and a subsequent delay in obtaining information from Medicaid about the exact amount of the liens. By letters dated December 9, 1997 and January 6, 1998, the Grievance Committee requested that the respondent provide escrow account records evidencing his deposit of the settlement check and preservation of the settlement proceeds until their distribution on December 1, 1997. After failing to provide the requested escrow records, the Grievance Committee served the respondent with subpoenas for his personal appearance and the production of records.

The respondent appeared with counsel on May 29, 1998, and was deposed. He testified, *inter alia,* that he did not have an attorney escrow account and that he deposited client funds, including those belonging to Mr. Calabrese, into an ordinary checking account that a non-attorney could access. The respondent further testified that after concerns arose regarding the security of the Calabrese funds that were deposited into his checking account, he removed those funds and gave them to his sister and mother for safekeeping.

Charge Two alleged that, based on the foregoing factual allegations, the respondent failed to properly safeguard client funds, in violation of his duties as a fiduciary and Code of Professional Responsibility DR 9-102 (b) (4) (22 NYCRR 1200.46 [b] [4]).

In view of the evidence adduced at the hearing and respondent's testimony, the Special Referee properly sustained both charges of professional misconduct.

The respondent's prior disciplinary history consists of letters of admonition in 1997 and 1998, respectively.

Under the totality of circumstances, the respondent is suspended from the practice of law for a period of five years.

MANGANO, P. J., O'BRIEN, RITTER, SANTUCCI and JOY, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Jeffrey Paul Segal, is suspended from the practice of law for a period of five years, commencing July 26, 2000, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of five years upon furnishing satisfactory proof that (a) during the said period he refrained from practicing or attempting to practice law, (b) he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Jeffrey Paul Segal, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.